UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry E. Schwartz,                          Case No. 3:20-cv-1014

        Plaintiff

    v.                                   MEMORANDUM OPINION
                                           AND ORDER

Commissioner of Social Security,

        Defendant

## I.     INTRODUCTION

Before me is the Report & Recommendation (R & R) of Magistrate Judge Carmen E. Henderson. (Doc. No. 20). Judge Henderson recommends I affirm the final decision of the Defendant Commissioner of Social Security, denying Plaintiff Larry E. Schwartz's application for Disability Insurance Benefits ("DIB"). (*Id.*). Schwartz timely filed objections to the R & R, (Doc. No. 21), and the Commissioner responded. (Doc. No. 22).

## II.     BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Schwartz, I hereby incorporate and adopt, in full, the "Procedural History" and "Relevant Background" sections set forth in the R & R. (Doc. No. 19 at 1-6).

## III.     STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. Discussion

Schwartz's objections relate to the opinion of Advanced Registered Nurse Practitioner ("ARNP") Scott Kautz and Kimber Vasquez, M.D. First, Schwartz challenges Judge Henderson's conclusion that the opinion in question was not an opinion from an acceptable medical source. And second, Schwartz disputes Judge Henderson's finding that the ALJ properly discounted the opinion as inconsistent with the record.

"Medical opinions are statements from acceptable medical sources." 20 C.F.R. § 404.1527(a)(1). For applications filed before March 27, 2017, like Schwartz's, the regulations require that, "[r]egardless of its source, [the ALJ] will evaluate every medical opinion … receive[d]. Unless [the ALJ] give[s] a treating source's medical opinion controlling weight under paragraph (c)(2) of this section, [the ALJ] consider[s] all of the following factors in deciding the weight [to] give to any medical opinion." 20 C.F.R. § 404.1527(c). Those "following factors" are: (1) the examining relationship; (2) the treatment relationship including the length, frequency, nature, and extent; (3) the

2

supportability of the opinion with relevant evidence; (4) the consistency of the opinion with the case record; and (5) whether the author of the opinion is a specialist in the relevant area.[1] 20 C.F.R. § 404.1527(c)(1)-(5).

These same factors are considered when weighing the opinions from "not acceptable medical sources," such as licensed APRNs like Kautz. *See* 20 C.F.R. § 404.1527(f); 20 C.F.R. § 404.1513(a) (effective Sept. 3, 2013 through Mar. 26, 2017). With respect to opinions from health care providers who are not considered "acceptable medical sources," though "not every factor for weighing opinion evidence will apply in every case," the ALJ

> generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

20 C.F.R. § 404.1527(f); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (citing SSR 06-03p, 2006 WL 2329939 (S.S.A.)).

Of the opinion in question, the ALJ noted, "Mr. Kautz, the claimant's nurse practitioner and primary care provider, appears to have completed the questionnaire …, and Dr. Vasquez appears to have concurred with the limitations and signed it." (Doc. No. 13 at 38 (citing *id.* at 585-86; 589-90)). Seemingly because Kautz was an APRN, Judge Henderson concluded "Kautz and Vasquez's opinion is one from a 'health care provider[] who [is] not [an] acceptable medical source[].'" (Doc. No. 20 at 14-15, 17). I respectfully disagree.

While Kautz is not an "acceptable medical source," Dr. Vasquez is. Neither the Commissioner nor Judge Henderson cite any authority to support a conclusion that an opinion endorsed by an "acceptable medical source" is one from a "health care provider[] who [is] not [an]

---

[1] The regulation also lists a sixth "other" factor providing that the ALJ may consider, "[f]or example, the amount of understanding of our disability programs and their evidentiary requirements that a medical source has, regardless of the source of that understanding, and the extent to which a medical source is familiar with the other information in your case record." 20 C.F.R. § 404.1527(c)(6).

3

acceptable medical source" merely because it was originally completed by health care provider who is not an acceptable medical source. Although I agree there is no evidence that Dr. Vasquez ever personally examined or treated Schwartz, the regulations do not require such a relationship for an opinion to be considered a "medical opinion" from an "acceptable medical source." Instead, the regulations consider an "examining relationship" and a "treatment relationship" as factors to be considered in assessing the weight to give to a medical opinion. *See* 20 C.F.R. § 404.1527(c).

Because Dr. Vasquez is an "acceptable medical source" and endorsed the opinion in question, it is a "medical opinion" from "acceptable medical source." But because Dr. Vasquez did not treat Schwartz, I agree with Judge Henderson's conclusion that the opinion cannot be treated as a "treating source" medical opinion and should not be given controlling weight.

Although this was a "medical opinion" from an "acceptable medical source," failing to evaluate this opinion under SSR 06-03p would neglect Kautz's treatment and examining relationship with Schwartz. Therefore, over Schwartz's objection, I agree with Judge Henderson's finding that the ALJ was required to evaluate this opinion under SSR 06-03p.

Schwartz's remaining objection relates to Judge Henderson's finding that "substantial evidence" supported the ALJ's decision to give "little weight" to the questionnaire completed by Kautz and Dr. Vasquez. The ALJ explained his decision as follows,

> Limitations noted on the questionnaire included lifting and carrying no more than 10 pounds, sitting, standing, and walking each less than even 2 hours in an 8-hour day, lying down at unpredictable intervals, and limitations in postural functions, manipulative functions, pushing, pulling, and being in certain environments. Greater than four absences from work per month was additionally noted. While the undersigned finds the claimant to be significantly limited in the ability to perform basic physical work activities, the limitations in this questionnaire are inconsistent with Mr. Kautz's own treatment notes. The claimant began receiving treatment at Central Florida Health Care in September of 2016, at which time he was noted as reporting pain, but having a normal gait and station, ambulating normally, having full range of motion of the neck, having normal motor strength, and displaying normal movement of all extremities. Just some tenderness to palpation to the claimant's lower back muscles was noted. Subsequent progress notes contain similar findings (Exhibit 7F). On the day Mr. Kautz completed the questionnaire, his notes reflect

4

> some edema but again a normal gait, normal movement of all extremities, and normal strength (Exhibit 12F). These findings are inconsistent with being unable to sit, stand, or walk for even 2 hours in an 8-hour day, having to frequently lie down, and being unable to maintain attendance at work. The claimant established with a new primary care provider in April of 2018, but even then, examination findings are inconsistent with the serious limitations noted in the questionnaire Mr. Kautz completed. The claimant had tenderness to palpation at his spine and some restricted left upper extremity motion, but nothing to suggest he had any difficulty ambulating, for example (Exhibits 10F, 13F).

(Doc. No. 13 at 38).

Schwartz agrees that, "[o]n its face, the ALJ's decision does appear to provide reasonable explanations for discrediting the opinions provided by Mr. Kautz and Dr. Vasquez." (Doc. No. 21 at 4). But Schwartz contends a "deeper dive" into the reasoning shows the findings of "normal gait, normal movement of all extremities, and normal strength" are consistent with the opined limitations. Schwartz asserts that because Kautz's opined limitations were based on Schwartz's "history of back pain, lower back tenderness, limited range of motion in his back, and so forth," the ALJ should have discussed how the opined limitations were consistent or inconsistent with those impairments. (*Id.*). Essentially, Schwartz argues the ALJ failed to explain how his "normal gait, normal movement of all extremities, and normal strength" were inconsistent with his "history of back pain, lower back tenderness, limited range of motion in his back, and so forth" that were alleged to cause the opined limitations.

Ultimately, "[t]he decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). While further explanation would have provided a sturdier foundation for the ALJ's conclusion, a reasonable mind could agree Schwartz's "normal movement of all extremities," "normal strength," and ability to ambulate normally observed by both Kautz and Schwartz's subsequent primary care provider were inconsistent with the extreme limitations opined in the

5

questionnaire. Therefore, I agree with Judge Henderson's finding that the ALJ's decision to give the opinion "little weight" was supported by substantial evidence.

## V. Conclusion

For the foregoing reasons, I reject Judge Henderson's conclusion that the opinion in question was not one from an "acceptable medical source," but adopt the remainder of the R & R and overrule Schwartz's objections to it.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge